FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 MAR 27 PM 4:51

LORETTA G. WHYTE
CLERK

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **Cenac Towing Company, Inc.** | * | **CIVIL ACTION:** |
| **VERSUS** | * | **SECTION "** "07-1458 |
| **Lester "James" Neal** | * | **Rule 9(H) ADMRALTY** SECT. N MAG. 1 |
| * * * * * * | * | **MAGISTRATE:** |

## COMPLAINT FOR DECLARATORY JUDGMENT

**NOW INTO COURT**, by and through undersigned counsel, comes Complainant, Cenac Towing Co., Inc. which, in seeking Declaratory Judgment, respectfully represents as follows:

I.

Complainant, CENAC, is a Louisiana Corporation organized under the laws of the this state, authorized to do and doing business in this state, and is engaged in maritime pursuits within the territorial waters of the State of Louisiana and within jurisdiction of this Court.

✓ Fee #350.00
— Process
X Dktd
— CtRmDep
— Doc. No

II.

Made respondent herein is Lester James Neal ("Neal"), a citizen of Louisiana, who is believed to be currently residing Post Office Box 452, Montegut, Terrebonne Parish, Louisiana 70377.

III.

Original jurisdiction of this action is conferred upon this Court pursuant to its admiralty and maritime jurisdiction as specified by 28 U.S.C. 1333, Rule 9(h) of the Federal Rules of Civil Procedure and this Court's power to grant a Declaratory Judgment pursuant to 28 U.S.C. 2201, et seq.

IV.

At all pertinent times herein, NEAL, was an employee of CENAC and for the purposes of this Complaint for Declaratory Judgment, NEAL would be classified as a "seaman".

V.

On or about July 11, 2006, NEAL was a member of the crew of the M/V ALBERT CENAC serving as a operator, said vessel operating near Venice, Louisiana close to the mouth of the Mississippi River.

VI.

M/V ALBERT CENAC was at all times being operated by CENAC as owner.

VII.

On or about July 11, 2006, NEAL claimed to have been injured serving as a member aboard the M/V ALBERT CENAC when he along with a fellow crewmember of the M/V ALBERT CENAC were returning to the M/V ALBERT CENAC following a normal crew change aboard the skiff of the M/V ALBERT CENAC. While attempting to cross the Mississippi River from the west bank of the Mississippi River to the east bank of the Mississippi River the skiff was swamped by the wake of a southbound ship (S.S. KUBAN). Respondent Lester James Neal and his fellow crewmember were wearing flotation vests. Respondent failed to properly buckle his flotation vest and lost his flotation vest when he was thrown into the water by the wake of the passing ship. His fellow crewmember aboard the skiff removed his vest and gave the vest to respondent NEAL when he saw that respondent was struggling to stay afloat. Both respondent NEAL and his fellow crewmember were pulled from the water by the crew of the M/V VIVIAN and transported to medical facilities. Respondent NEAL was transported to Meadowcrest Hospital located in Belle Chasse, Louisiana where he was admitted for treatment and released.

VIII.

NEAL retained the legal services of attorney Patrick H. Yancy, 761 W. Tunnel Blvd., Houma, Louisiana, 70360 (telephone (985) 853-0904). Patrick H. Yancy, Esq. has written a letter of representation dated October 9, 2006 regarding his representation of NEAL (attached Exhibit 1). On October 17, 2006 CENAC engaged counsel who acknowledged receipt of the (attached Exhibit 2) letter of representation and requested additional medical

information and documentation regarding Mr. Patrick H. Yancy's client, Lester James Neal on January 26, 2007 (attached Exhibit 3).

IX.

As a vessel owner, CENAC Towing Co., Inc. has provided to NEAL maintenance and cure benefits pursuant to the General Maritime Law of the United States.

X.

To date CENAC Towing Co., Inc. has not been provided medical evidence to suggest that NEAL has not reached maximum medical improvement or suffers from some medical condition which is related to the incident of July 11, 2006.

XI.

CENAC now comes to this Honorable Court seeking a Declaratory Judgment that CENAC is not obligated to provide further Maintenance or Cure Benefits to NEAL.

XII.

Complainant is entitled to a Judgment declaring that it is not obligated to provide NEAL with further Maintenance and Cure Benefits since NEAL is believed to have reached maximum medical improvement as evidenced by the lack of objective findings to the contrary by his treating physicians.

XIII.

Complainant further contests that it is liable in any respects to NEAL other than for the payment of Maintenance and Cure until the point of maximum medical improvement has been achieved.

XIV.

For the foregoing reasons CENAC is entitled to Declaratory Judgment that NEAL is not entitled to any further payment of Maintenance and Cure.

**WHEREFORE**, Complainant, CENAC TOWING CO., INC., prays that after all legal delays and due proceedings had, there be judgment in CENAC's favor and against LESTER JAMES NEAL, by this Court declaring and adjudging that CENAC TOWING CO., INC., is not obligated to pay further Maintenance and Cure to Respondent, LESTER JAMES NEAL, and that CENAC TOWING CO., INC. to this date has acted reasonably and properly under the circumstances and that their actions not be considered arbitrary and capricious, and that Respondent, LESTER JAMES NEAL, be restrained from instituting any action against Complainant, CENAC TOWING CO., INC., for Maintenance and Cure arising out of an alleged accident of July 11, 2006, and that he be cast for costs of these proceedings.

Respectfully submitted, this 27th day of March, 2007.

**EMMETT, COBB, WAITS & HENNING**

BY: ______________________
RANDOLPH J. WAITS T.A. (13157)
MATTHEW F. POPP (24608)
JASON R. KENNEY (29933)
1515 Poydras Street
Suite 1950
New Orleans, LA 70112
Tel: (504) 581-1301
Fax:(504) 581-6020
**Counsel for Cenac Towing Co., Inc.**

**PLEASE SERVE:**

1) LESTER JAMES NEAL
Post Office Box 452
Montegut, Louisiana 70377

2) Lester James Neal, through
his attorney of record,
Patrick Yancy, Esq.
761 W. Tunnel Blvd.
Houma, Louisiana, 70360

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the above and foregoing pleading has been served upon all counsel to all parties by placing same in the U.S. postal mail, postage prepaid, this 27th day of March, 2007.

______________________
RANDOLPH J. WAITS