```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

CENAC TOWING COMPANY, INC.              CIVIL ACTION

VERSUS                                  NO: 07-1458 C/W
                                        07-3794

LESTER JAMES NEAL                       SECTION: J(5)
```

### ORDER AND REASONS

Before the Court is **Plaintiff Lester Neal's Motion to Strike Jury Demand (Rec. Doc. 44).** This motion, which is opposed, is set for hearing on January 23, 2008 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Plaintiff's motion should be denied.

### Background Facts

This action arises out of personal injuries that Plaintiff sustained while employed as a relief captain on the M/V Albert Cenac. Plaintiff alleges that because of Defendant Chevron Pipe Line Company's ("Chevron") refusal to allow Plaintiff access to board the M/V Albert Cenac at Chevron's dock, Plaintiff was forced to board a flat bottomed boat at another private dock and ride on it back out to the M/V Albert Cenac. During the course of the transit, the flat bottomed boat was swamped by a passing ship and Plaintiff nearly drowned.

Plaintiff filed suit against both Chevron and Cenac Towing Company, Inc. ("Cenac"), the operator of the M/V Albert Cenac. In his complaint, Plaintiff included a Federal Rules of Civil Procedure 9(h) designation, bringing his action within the admiralty and maritime jurisdiction of the Court.  Soon thereafter, Chevron filed its First Amended Answer which included a jury demand "with respect to Plaintiff's common law negligence claims against [Chevron]."

## The Parties' Arguments

Plaintiff states that because he has elected to proceed in admiralty by specifically invoking Rule 9(h), no party is entitled to a trial by jury.

In opposition, Chevron argues that the only reason it has been sued is because it allegedly refused to allow Plaintiff access to its secured parking facility, its privately owned boat dock, and did not provide a free boat ride on a Chevron crew boat to allow Plaintiff to make a crew change on an awaiting tug. Because such claims are non-maritime tort claims, Chevron argues that it is entitled to a jury trial of such claims.

## Discussion

A plaintiff who has a state common law cause of action that also falls within the federal admiralty jurisdiction may elect to bring the suit either as an admiralty action in federal court, or as a state common law action in state court or in federal court, assuming he meets the diversity jurisdiction requirements for federal court.  <u>T.N.T. Marine Service, Inc. v. Weaver Shipyards &</u>

Dry Docks, Inc., 702 F.2d 585, 587 (5th Cir. 1983).  The preferable method for electing to proceed in admiralty is by expressly invoking Federal Rules of Civil Procedure 9(h). Breeden v. Transocean Offshore Ventures, Inc., No. 00-2561, 2001 WL 64772 (E.D. La. Jan. 24, 2001).  The general rule is that there is no right to a jury trial where the complaint contains such a statement identifying the claim as an admiralty or maritime claim.  T.N.T. Marine Service, 702 F.2d at 587.

However, in multiple tortfeasor situations, the claims against each tortfeasor must be analyzed separately to determine whether admiralty jurisdiction exists as to each claim.  See Debellefeuille v. Vastar Offshore, Inc., 139 F. Supp. 2d 821, 824 (S.D. Tex. 2001).  If there is a case of admiralty jurisdiction against one of the tortfeasors, the cases against the others can be heard under the court's supplemental jurisdiction.  Id.; see also 28 U.S.C. 1367(a).  Therefore, it is necessary to determine whether Plaintiff's claims against Chevron are governed by maritime law or whether they should be decided on the basis of Louisiana law.

To give rise to a tort claim in admiralty, an incident must have both a maritime situs (i.e, the "location test") and a connection to traditional maritime activity (i.e., the "connection test").  Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 534 (1995).  To satisfy the location test, a plaintiff must show that the tort either occurred on navigable water, or if the injury is suffered on

3

land, that it was caused by a vessel on navigable waters.  Id. The connection test, however, is two-fold as it requires: (1) an assessment of the general features of the type of incident involved to determine whether the incident has "a potentially disruptive impact on maritime commerce," and (2) a determination whether the "general character" of the "activity giving rise to the incident" shows a "substantial relationship to traditional maritime activity."

Plaintiff alleges that Chevron was negligent for refusing access to its dock and crew boat.  According to Chevron, the activity giving rise to Plaintiff's accident can be characterized "as the duty of a non-employer private dock owner to allow an uninvited seaman access to its secured parking lot, private boat dock and crew boat" and such activity is not the sort with the potential to disrupt maritime activity nor so closely related to activity traditionally subject to admiralty law.[1]

This Court agrees that Plaintiff's claims against Chevron are common law negligence claims, and are not governed by maritime law.  Furthermore, under the Seventh Amendment to the United States Constitution and under Louisiana law, Chevron has a right to a jury trial as to Plaintiff's negligence claims against it.  See La. Code Civ. P. art. 1732.  Therefore, this Court finds that Plaintiff's motion to strike Chevron's jury demand should be

---

[1] See Florida Fuels, Inc. v. Citgo Petroleum Corp., 6 F.3d 330, 330 (5th Cir. 1993) (holding that for purposes of determining applicability of state or maritime law, piers and docks are deemed extensions of the land).

denied.[2]  Accordingly,

**IT IS ORDERED** that **Plaintiff Lester Neal's Motion to Strike Jury Demand (Rec. Doc. 44)** is **DENIED.**

New Orleans, Louisiana, this 29th day of January, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[2] For purposes of clarification, the trial of this matter will proceed with a jury as to Plaintiff's claims against Chevron but without a jury as to Plaintiff's maritime claims against Cenac Towing Company.